IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ERNESTO IGNACIO SANCHEZ**                                                   **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO. 2:09cv241-KS-MTP**

**DR. RON WOODALL, et al.**                                                **DEFENDANTS**

**OMNIBUS ORDER AND ORDER ON MOTION**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on April 22, 2010. The Plaintiff appeared *pro se*, Defendants Dr. Ron Woodall and April Meggs were represented by attorney Vic Smith, and Defendants Ron King, Christopher Epps and Gloria Perry were represented by attorney Charles Irvin. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time the claims in this action arose, Plaintiff was incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI"), having been convicted of a felony.[2] Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[3]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff is currently incarcerated at SMCI.

[3]*See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears*

1

Plaintiff claims that on January 23, 2009, while he was exiting the shower, his leg restraint got caught in the doorframe of the shower, causing him to fall.[4] Plaintiff claims that he could not catch himself and, therefore, suffered the following injuries from the accident: a lacerated eyebrow; cuts on his ankles and wrists from his restraints; a hurt back and neck; and bruised ribs from crashing onto the concrete ledge of the shower.

Approximately thirty minutes after the incident, a nurse arrived with a wheelchair and transported Plaintiff to the medical clinic where he waited to be seen by Defendant Dr. Ron Woodall. Plaintiff avers that Dr. Woodall examined him, stitched his eyebrow laceration and gave him ibuprofen for pain. Plaintiff claims that when he asked Dr. Woodall if he would clean the cuts on his wrists and ankles, he refused.[5] Plaintiff also claims that he asked Dr. Woodall for x-rays but Dr. Woodall told him they were not necessary.[6] Dr. Woodall told Plaintiff that if his pain persisted, he should submit a sick call request and Dr. Woodall would see him.

Plaintiff claims that he was experiencing headaches and back pain and sent in several sick call requests but received no responses. He conceded that since the instant lawsuit was filed, he was seen by Dr. McGrew approximately two months ago who gave him medication for his back pain and took x-rays of his back. Plaintiff testified that he was not informed of the results of the x-rays.

---

hearing supersede claims alleged in complaint).

[4] Plaintiff explained that at the time, he was under a Security Threat Group (STG) designation, which meant that he was always in hand and leg restraints whenever he was outside of his cell. Plaintiff avers that he was removed from STG status a week before the omnibus hearing.

[5] Plaintiff stated that the reason he made this request was because he was concerned that he might get a staph infection. Plaintiff conceded, however, that he did not get a staph infection nor did he suffer any other effects from the failure to clean his ankle and wrist wounds.

[6] Plaintiff conceded that he did not suffer any broken bones as a result of the accident.

When asked about his current medical condition, Plaintiff testified that he has back pain and bad headaches, and the medication he is taking for his headaches does not help him.

Plaintiff explained that the reason he has sued Dr. Woodall is for refusing to clean his cuts and to take x-rays of his back, and also for refusing to answer his sick call requests after he provided the initial treatment. Plaintiff averred that although he had no broken bones, the x-rays might have revealed what was wrong with his back and, therefore, Dr. Woodall might have been able to provide better treatment to him.

Plaintiff stated that the reason he sued Ron King, April Meggs and Gloria Perry is because they responded to his ARP request in which he complained of inadequate medical treatment following the accident and denied him relief.[7] Plaintiff conceded that he did not have personal contact with these Defendants and they were not involved in providing him medical treatment. Plaintiff stated that he does not even know who Ms. Meggs and Ms. Perry are. Plaintiff also averred that he sued Ron King because as Superintendent of SMCI, he is responsible for "the overall care of every inmate." With respect to Christopher Epps, Plaintiff stated that he does not believe he should be in the lawsuit and requested that he be dismissed. Accordingly, Plaintiff's *ore tenus* motion to dismiss Mr. Epps will be granted herein.

## 2. DISCOVERY ISSUES

Within thirty days, Defendant shall produce to Plaintiff: a copy of his medical file, including any sick call requests and responses thereto; a copy of any incident report regarding the alleged events of January 23, 2009; and a copy of any grievances or complaints filed by Plaintiff

---

[7] According to Plaintiff, April Meggs provided the First Step response, Ron King provided the Second Step response, and Gloria Perry provided the Third Step response.

regarding the claims set forth herein.[8]  There are no other discovery matters pending at this time, except for those set forth herein.  The discovery set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Fed. R. Civ. P. 26(b)(1).  The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### 4.  MOTIONS DEADLINE AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is July 1, 2010.  Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1.  Within thirty days, Defendant shall produce to Plaintiff: a copy of his medical file, including any sick call requests and responses thereto; a copy of any incident report regarding the alleged events of January 23, 2009; and a copy of any grievances or complaints filed by Plaintiff regarding the claims set forth herein, to the extent these documents were not already produced at the omnibus hearing.

2.  Plaintiff's *ore tenus* Motion to Dismiss Defendant Christopher Epps is granted.  Defendant Epps is dismissed from this lawsuit without prejudice.  In accordance with Fed. R. Civ. P. 58, a separate judgment shall be entered.

3.  The deadline for the filing of motions (other than motions *in limine*) is July 1, 2010.

4.  This order may be amended only by a showing of good cause.

---

[8] At the omnibus hearing, Defendants produced to Plaintiff a copy of his ARP documents and medical file.

5. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED on this the 3rd day of May, 2010.

s/ Michael T. Parker<br>United States Magistrate Judge