IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ERNESTO IGNACIO SANCHEZ                                              PLAINTIFF

VS.                                           CIVIL ACTION NO. 2:09cv241-KS-MTP

DR. RON WOODALL, et al.                                             DEFENDANTS

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the civil rights complaint of Plaintiff Ernesto Ignacio Sanchez filed pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Having reviewed the complaint, as clarified by Plaintiff's sworn testimony at an omnibus hearing held on April 22, 2010 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[1] having considered applicable law and being fully advised in the premises, the court is of the opinion that Plaintiff's claims against Defendants Ronald King, April Meggs and Gloria should

---

[1]*See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

be dismissed with prejudice *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2).

## Factual Background

Plaintiff, an inmate at South Mississippi Correctional Institution in Leakesville, Mississippi, filed this action on December 1, 2009 pursuant to 42 U.S.C. § 1983. Plaintiff claims that on January 23, 2009, while he was exiting the shower, his leg restraint got caught in the doorframe of the shower, causing him to fall.[2] Plaintiff claims that he could not catch himself and, therefore, suffered the following injuries from the accident: a lacerated eyebrow; cuts on his ankles and wrists from his restraints; a hurt back and neck; and bruised ribs from crashing onto the concrete ledge of the shower.

Approximately thirty minutes after the incident, a nurse arrived with a wheelchair and transported Plaintiff to the medical clinic where he waited to be seen by Defendant Dr. Ron Woodall. Plaintiff avers that Dr. Woodall examined him, stitched his eyebrow laceration and gave him ibuprofen for pain. Plaintiff claims that when he asked Dr. Woodall if he would clean the cuts on his wrists and ankles, he refused.[3] Plaintiff also claims that he asked Dr. Woodall for x-rays but Dr. Woodall told him they were not necessary.[4] Dr. Woodall told Plaintiff that if his pain persisted, he should submit a sick call request and Dr. Woodall would see him.

Plaintiff claims that he was experiencing headaches and back pain and sent in several sick

---

[2] Plaintiff explained that at the time, he was under a Security Threat Group (STG) designation, which meant that he was always in hand and leg restraints whenever he was outside of his cell. Plaintiff avers that he was removed from STG status a week before the omnibus hearing.

[3] Plaintiff stated that the reason he made this request was because he was concerned that he might get a staph infection. Plaintiff conceded, however, that he did not get a staph infection nor did he suffer any other effects from the failure to clean his ankle and wrist wounds.

[4] Plaintiff conceded that he did not suffer any broken bones as a result of the accident.

2

call requests but received no responses. He conceded that since the instant lawsuit was filed, he was seen by Dr. McGrew approximately two months ago who gave him medication for his back pain and took x-rays of his back. Plaintiff testified that he was not informed of the results of the x-rays.

Plaintiff testified that as a result of his fall, he currently experiences back pain and bad headaches, and he claims that the medication he is taking for his headaches does not help him.

Plaintiff explained that the reason he has sued Dr. Woodall is for refusing to clean his cuts and to take x-rays of his back, and also for refusing to answer his sick call requests after he provided the initial treatment. Plaintiff averred that although he had no broken bones, the x-rays might have revealed what was wrong with his back and, therefore, Dr. Woodall might have been able to provide better treatment to him.

Plaintiff testified that the reason he sued Ron King, April Meggs and Gloria Perry is because they responded to his ARP request in which he complained of inadequate medical treatment following the accident and denied him relief.[5] Plaintiff conceded that he did not have personal contact with these Defendants and they were not involved in providing him medical treatment. Plaintiff stated that he does not even know who Ms. Meggs and Ms. Perry are. Plaintiff also averred that he sued Ron King because as Superintendent of SMCI, he is responsible for "the overall care of every inmate."

## Analysis

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*,

---

[5] According to Plaintiff, April Meggs provided the First Step response, Ron King provided the Second Step response, and Gloria Perry provided the Third Step response.

828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). A supervisory prison official may be held liable for a Section 1983 violation only if he either was personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

As noted *supra*, Plaintiff conceded that he did not have personal contact with Ronald King, April Meggs or Gloria Perry, and that they were not involved in providing him medical treatment. Indeed, Plaintiff stated that he does not even know who Ms. Meggs and Ms. Perry are. Plaintiff testified that the reason he sued these Defendants is because they responded to his ARP request in which he complained of inadequate medical treatment following the accident, and denied him relief. Plaintiff also averred that he sued Mr. King because as Superintendent of SMCI, he is responsible for "the overall care of every inmate."

These facts are not sufficient for imposing liability under section 1983. *See Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999) (holding that medical director at Parchman was not deliberately indifferent to plaintiff's serious medical needs, where director was not one of plaintiff's treating physicians and had limited contact with plaintiff); *Dehghani v. Vogelgesang*, 226 Fed. Appx. 404, 406 (5th Cir. Apr. 17, 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Hailey v. Savers*, 240 Fed. Appx. 670, 672 (5th Cir. July 18, 2007) (*per curiam*) (affirming dismissal of

prison medical administrator because plaintiff "failed to allege specific facts to demonstrate that [administrator] had personal involvement...."); *Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004) (holding that prison supervisory officials "reasonab[ly] discharge[d]...their duty to protect the inmates in their care" where they "responded to [plaintiff's] complaints by referring the matter for further investigation or taking similar administrative steps."); *Mosley v. Thornton*, 2005 WL 1645781, at * 5 (E.D. La. June 20, 2005) ("the fact that the Sheriff responded to plaintiff's appeal is insufficient to support a constitutional claim against the Sheriff."); *Jones v. Livingston*, 2005 WL 3618316, at * 3 (S.D. Tex. Jan. 6, 2005) ("the fact that [supervisory prison official] did not respond to, or denied, plaintiff's grievances does not, alone, state a claim..."); *Anderson v. Pratt*, 2002 WL 1159980, at * 3 (N.D. Tex. May 29, 2002) (Warden's review and denial of grievance did not show personal involvement in deprivation of constitutional rights).

Accordingly, the court finds that Plaintiff's claims against Defendants Ronald King, April Meggs and Gloria Perry should be dismissed with prejudice.

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Plaintiff's claims against Defendants Ronald King, April Meggs and Gloria should be dismissed *sua sponte* with prejudice, pursuant to 42 U.S.C. § 1915(e)(2).

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 6th of May, 2010.

s/Michael T. Parker
United States Magistrate Judge